IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Herbert Demond York, #369211, | ) | C/A No.: 1:17-795-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ofc. Sheik Johnson; Warden Joseph | ) | REPORT AND RECOMMENDATION |
| McFadden; Assist. Warden James | ) | |
| Blackwell; and Ms. Birch, Mental | ) | |
| Health Counselor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Herbert Demond York ("Plaintiff"), proceeding pro se, filed this action on March 24, 2017. [ECF No. 1]. On October 20, 2017, Defendants filed a motion for summary judgment. [ECF No. 33]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by November 20, 2017. [ECF No. 34]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted. *Id*. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion.

On November 28, 2017, the court ordered Petitioner to advise by December 12, 2017, whether he wished to continue with the case. [ECF No. 39]. Petitioner has filed no response.[1] As such, it appears to the court that he does not oppose the motion and wishes

_____

[1] Although Plaintiff technically has an additional three mailing days, the court notes that

to abandon this action. Based on the foregoing, the undersigned recommends this action

be dismissed with prejudice for failure to prosecute.  *See Davis v. Williams*, 588 F.2d 69,

70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

      IT IS SO RECOMMENDED.

December 12, 2017                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

---

mail sent to Plaintiff in another case before the court has been returned with a mark on the envelope indicating the recipient had been release without leaving an address. *See* ECF No. 66 in C/A No. 1:16-3971-RMG-SVH. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).